# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY OFFICE OF EDUCATION,<br><br>Plaintiff,<br><br>vs.<br><br>JULIA POLLOCK, as parent on behalf of M.P., a minor; COUNTY OF SAN DIEGO; SAN DIEGO-IMPERIAL COUNTIES DEVELOPMENTAL SERVICES, INC., dba the SAN DIEGO REGIONAL CENTER FOR THE DEVELOPMENTALLY DISABLED,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 13-CV-1647-BEN (BLM)<br><br>**ORDER DIRECTING ADDITIONAL BRIEFING ON MOTION TO DISMISS** |

Before this Court is a Joint Motion to Dismiss the Second Through Fifth Claims for Relief Set Forth in the First Amended Complaint, filed by Defendant County of San Diego (County) and Defendant San Diego-Imperial Counties Development Services, Inc., dba San Diego Regional Center for the Developmentally Disabled (Regional Center) (collectively, "Defendants"). (Docket No. 94). Defendants ask this Court to dismiss the remaining claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

# BACKGROUND

A. Procedural History

This case arises out of a due process decision rendered by the California State Office of Administrative Hearings (OAH) under the Individuals with Disabilities Education Act (IDEA). M.P. is a minor who was arrested for murder and assault with a deadly weapon, and was detained at Juvenile Hall. (First Am. Compl. [FAC] ¶ 1). While in Juvenile Hall, the San Diego County Office of Education (SDCOE) was responsible for providing M.P. with the free appropriate public education (FAPE) guaranteed by the IDEA. (*Id.* ¶ 4; 20 U.S.C. §§ 1400, *et seq.*; CAL. EDUC. CODE §§ 48645.1, 48645.2, 56150). M.P. was deemed incompetent to stand trial on August 21, 2012. (FAC ¶ 5). On November 16, 2012, M.P. filed for due process with OAH through his mother, Pollock. (AR 2409). M.P. sought an order directing SDCOE to place him at a residential treatment center (RTC), and awarding him compensatory education.

The ALJ conducted hearings, and rendered a decision on April 16, 2013. (AR 2409-2458). In the decision, the ALJ ruled in M.P.'s favor as to two issues, and ordered that, within 60 days, SDCOE conduct an occupational therapy (OT) assessment, and convene an Individualized Education Program (IEP) meeting to determine M.P.'s present levels of performance, goals, and services in the area of occupational therapy. (AR 2457). The ALJ also ordered that SDCOE complete a search for an appropriate residential placement, and to convene an IEP meeting to review and implement the placement, within 45 days. (*Id.*)

On July 15, 2013, SDCOE filed a Complaint in which it sought judicial review of the ALJ's decision. (Docket No. 1). A First Amended Complaint (FAC) was filed on October 24, 2013. (Docket No. 9). The first claim for relief, against Pollock alone, appealed the ALJ's decision under the IDEA. The second claim for relief sought declaratory relief against Pollock and the County. The third claim sought declaratory relief against Pollock and Regional Center. A fourth claim asserted breach of contract

against Regional Center. The fifth claim demanded contribution and indemnification from the County and Regional Center. Pollock filed a counterclaim for attorney's fees pursuant to the IDEA. (Docket No. 6). Regional Center filed a counterclaim for affirmation of the OAH order, declaratory relief, and breach of contract. (Docket No. 30). On June 20, 2014, this Court granted Pollock's motion to dismiss the claims against her and vacated the IDEA hearing decision. (Docket No. 86).

B. Remaining Claims and Allegations

SDCOE's claims against the County and Regional Center are premised upon its contention that it was not responsible for making and paying for the residential placement of M.P. It contends that the County or Regional Center should have borne these burdens, rather than imposing them upon SDCOE. SDCOE alleged that this Court had jurisdiction over the declaratory relief claims pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 1331. (FAC ¶ 27). It further alleged that this Court had supplemental jurisdiction over the claims for breach of contract and contribution and indemnification pursuant to 28 U.S.C. § 1367. (*Id.*)

Defendants County and Regional Center filed the instant Joint Motion on July 11, 2014, contending that this Court lacks subject matter jurisdiction over SDCOE's remaining claims against the Defendants. (Docket No. 94). SDCOE filed an Opposition on July 28, 2014. (Docket No. 99). Defendants replied on August 4, 2014. (Docket No. 103).

**LEGAL STANDARD**

A district court is required to dismiss an action if at any time it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). A party may challenge subject matter jurisdiction by bringing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). FED. R. CIV. P. 12(b)(1).

A. Federal Question Jurisdiction

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. A

case arises under federal law in one of two ways.

First, a federal law can create the cause of action asserted. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Such cases account "for the vast bulk of suits that arise under federal law." *Id.*

Second, there is a "special and small category" of cases where jurisdiction lies where a claim originates in state, rather than federal law. *Id.* at 1064-65 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The Supreme Court has stated that: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065 (characterizing the conclusion of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)). If all four requirements are met, jurisdiction is proper because of the "'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (citing *Grable*, 545 U.S. 313-14)).

### B. Declaratory Judgment Act

The Declaratory Judgment Act (DJA) authorizes a court of the United States to grant declaratory relief where there is "a case of actual controversy within its jurisdiction," subject to certain exceptions. 28 U.S.C. § 2201(a). The court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.*

The purpose of declaratory relief is to "afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim." *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961). Declaratory relief may be sought by "any interested party" involving an actual controversy that "has not reached a stage at which either party may seek a coercive remedy and in cases

where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (citation omitted).

The DJA does not extend new jurisdiction to federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595, 599 (9th Cir. 1964). Instead, the DJA makes a new remedy available where jurisdiction otherwise exists. *Skelly Oil*, 339 U.S. at 671; *Lear Siegler*, 330 F.2d at 599. To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).

In determining whether federal question jurisdiction exists over a request for a declaratory judgment pursuant to the DJA, the well-pleaded complaint rule applies. "The plaintiff's claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Skelly Oil*, 339 U.S. at 672 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). The Supreme Court's decision in *Skelly Oil* has come to stand for the proposition that "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 16 (1983) (characterizing *Skelly Oil*). In determining if federal question jurisdiction exists over claims for declaratory judgment, courts have looked to the potential coercive actions that could be brought. *See Skelly Oil*, 339 U.S. at 672 (no federal question jurisdiction where if plaintiff sought damages or specific performance of the contracts, it could not do so in federal court). Courts often look to the "character of the threatened action." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). In doing so, they ask whether a "coercive action" brought by the declaratory judgment defendant would "necessarily present a federal question." *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 19).

C. Supplemental Jurisdiction

Where a district court has original jurisdiction over a civil action, the court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This jurisdiction is subject to certain exceptions. 28 U.S.C. §§ 1367(b), (c). District courts may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

**DISCUSSION**

SDCOE asserts in the FAC that this Court has original jurisdiction over the declaratory judgment claims in claims two and three, and supplemental jurisdiction over claims four and five. (FAC ¶ 27). In their Opposition to the instant Motion, SDCOE asserts that the court has subject matter jurisdiction over all four remaining claims because they raise "substantial questions of federal law" and that the Court should, in the alternative, exercise supplemental jurisdiction. (Opp'n at 15).

A. Declaratory Relief Actions

SDCOE seeks declaratory relief "related to the legal rights and duties of the SDCOE and the County" in the second claim, and "related to the legal rights and duties of the SDCOE and the San Diego Regional Center" in the third claim. (FAC ¶¶ 42, 50). Although SDCOE named Pollock and the County as defendants in the second claim, and Pollock and Regional Center as defendants in the third claim, Pollock has been dismissed from this action. (Docket No. 86).

Defendants assert that there is no basis for this Court to assert jurisdiction over the declaratory judgment claims. They contend that the only claim in this action that

met the "case or controversy" requirement of Article III was the IDEA claim against Pollock, which has now been dismissed. (Mot. at 3-4). They contend that the declaratory relief claims are premised upon state substantive law, and that there is therefore no federal jurisdiction for these claims. (*Id.* at 4-5). In the Opposition, SDCOE asserts that the "central issues" in the remaining claims which turn on questions of federal law. (Opp'n at 4).

However, neither party addresses the requirements for federal question jurisdiction in the context of a declaratory relief claim. It is not clear to this Court what the parties believe that the "coercive action" would be in this matter. The Court therefore determines that it will require additional briefing, as discussed below.

B. State Law Claims

The jurisdictional allegations in the FAC do not assert federal question jurisdiction over the claims for breach of contract or contribution and indemnification. (FAC ¶ 27). Instead, SDCOE asserted only supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*Id.*) It now appears that SDCOE may be arguing that federal question jurisdiction is appropriate as to these claims. The Court determines that it requires additional briefing, as discussed below.

**CONCLUSION**

The parties are therefore **ORDERED** to file additional briefing that addresses the following topics:

1) What is the "coercive action" to consider in this case with respect to each declaratory relief cause of action? Does it present a federal question?

2) Can this Court consider asserted bases for the existence of a federal question which are not clearly alleged in the FAC?

3) Can SDCOE assert that this Court has federal question jurisdiction over claim four or claim five if it did not do so in jurisdictional allegations in the FAC?

4) Can this Court grant leave to amend if subject matter jurisdiction is not established by the FAC?

5) If this Court finds that there is no subject matter jurisdiction over SDCOE's remaining claims, should the Court retain jurisdiction over any of Regional Center's counterclaims?

Both Plaintiff and Defendants are required to file a brief of no more than **fifteen pages** on the above questions no later than **August 22, 2014**. Any response must be filed by **August 29, 2014** and may not exceed **ten pages**. There will be no reply briefs or oral argument without further order of this Court.

**IT IS SO ORDERED**.

DATED: August 11, 2014

_____
Hon. Roger T. Benitez
United States District Judge