UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY OFFICE OF EDUCATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 13cv1647-BEN (BLM)<br><br>**ORDER SETTING MANDATORY SETTLEMENT CONFERENCE AND REQUIRING DESIGNATION OF ATTENDEE** |

On January 5, 2015, the Court conducted a telephonic Case Management Conference to discuss the status of the case and the parties' settlement discussions. ECF No. 119. Amy R. Levine, Esq. appeared on behalf of Plaintiff/Counter-Defendant San Diego County Office of Education, and Thomas S. Nelson, Esq. appeared on behalf of Defendant/Counter-Claimant Julia Pollock.

Based on the discussions with counsel for the parties, the Court finds it appropriate to set a Mandatory Settlement Conference ("MSC") on **February 2, 2015** at **1:30 p.m.**  The MSC shall

be conducted in the chambers of Magistrate Judge Barbara L. Major located at **333 West Broadway, Suite 1110, San Diego, CA 92101**. All discussions at the MSC will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a.  **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for good cause shall be made <u>in writing</u> at least three (3) court days prior to the conference.** Failure to appear **in person** at the MSC will be grounds for sanctions.

    b.  **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

///

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

c. **Confidential Settlement Statements Required**: No later than **January 20, 2015**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address efile_major@casd.uscourts.gov) confidential settlement statements no more than ten (10) pages in length. **These confidential statements shall not be filed or served on opposing counsel.** Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the MSC. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

d. The San Diego County Office of Education is further required to identify in writing by name and title or position the representative with "full settlement authority" who will attend the scheduled MSC. The required designation shall be made via a letter to the Court and to opposing counsel no later than **January 20, 2015**.

**IT IS SO ORDERED.**

DATED: January 6, 2015

*Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge